THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DARRELL JOHN WILLIAMSON,<br><br>Petitioner,<br><br>v.<br><br>UTAH DEPT. OF CORR., et al.,<br><br>Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 4:20-CV-95-DN<br><br>District Judge David Nuffer |

In this federal habeas-corpus case, *pro se* inmate Darrell John Williamson, ("Petitioner")[1] attacks his state conviction. 28 U.S.C.S. § 2254 (2023) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Having carefully considered the Amended Petition, (ECF No. 8); the State's response and exhibits, (ECF No. 13); and, Petitioner's reply memorandum opposing the answer, (ECF No. 14), the Court concludes that Petitioner has procedurally defaulted two issues and not surmounted the federal habeas standard of review on the remaining issues. The petition is therefore denied.

**I. BACKGROUND**

Petitioner was convicted of arranging to distribute a controlled substance after an undercover sting operation conducted by the Salt Lake City Police Department in February of

---

[1] Because Petitioner is *pro se*, his pleadings must be construed liberally. *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, this requirement does not obligate the Court to form arguments for him or excuse compliance with procedural rules. *Id*.

1

2018. The Utah Court of Appeals provided the following summary:

> Williamson was arrested after arranging a drug deal for an undercover officer. The officer testified that she had approached Williamson near a homeless shelter and asked him, "Do you have anything?" Williamson asked what she wanted, and she replied that she wanted "black," which is street slang for heroin. She said she only had $20, and Williamson replied, "Come with me." He led her to an area where several men were sitting and asked the men if they had any black. One man responded that he had "10 in black left." The undercover officer gave Williamson a $20 bill, and Williamson placed it under the man's chair. The officer asked for change, and the seated man handed her a $10 bill along with a package of heroin. After the officer left the area, Williamson asked her for a chip off of what [she] had just bought, and the seated man followed her as she walked back to her car. Other officers arrested Williamson
>
> At trial, Williamson claimed that he did not know that he was facilitating a drug deal. He testified that he had approached the officer only to ask for a cigarette. He also claimed to have known a man who went by the name "Black" and was trying to help the undercover officer find that person.   After the State presented its case-in-chief, Williamson made a motion for directed verdict "on the lack of evidence presented by the State that [he] intended to facilitate a drug transaction," which the court denied. The court denied a renewed motion at the close of evidence and submitted the case to the jury. The jury returned a guilty verdict.

*State v. Williamson*, Amended Order of Affirmance, Case No. 20190511-CA, *cert. denied*, *State v. Williamson*, No. 20200703, 2020 Utah LEXIS 217 (Sup.Ct. Nov. 24, 2020) (ECF No. 13-3, at 1-2.)

Petitioner, represented by counsel, unsuccessfully argued to the Court of Appeals that (a) the trial court abused its discretion in denying Petitioner's motion for a directed verdict because the evidence presented at trial was insufficient to establish intent to arrange a drug deal; and (b) the trial court abused its discretion by sentencing Petitioner to prison instead of probation. (ECF No 13-5, at 5-6.) Petitioner's certiorari petition in the Utah Supreme Court was denied. *State v. Williamson*, No. 20200703, 2020 Utah LEXIS 217 (Sup.Ct. Nov. 24, 2020).

## II. PETITIONER'S ASSERTED GROUNDS FOR FEDERAL-HABEAS RELIEF

Petitioner asserts four grounds for relief in his Amended Petition: (1) Insufficient evidence (ECF No. 8, at 7); (2) The conviction relied on perjured testimony (*id*. at 9); (3) The conviction violated state statutes pertaining to a deadlocked jury (*id*. at 11); and (4) Excessive sentencing (*id*. at 13.)

Petitioner's *pro se* pleadings are entitled to liberal construction. *See, Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, (1976)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.") However, liberal construction cannot cure failure to support conclusory allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992). ("Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.")

Grounds Two and Three are procedurally defaulted because they were never presented to the state's highest court. Grounds One and Four were exhausted but Petitioner has not met the standard for federal relief. The Petition is therefore denied.

## III. ANALYSIS

### A. Procedural Default

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Absent "exceptional circumstances," the Utah Supreme Court will decline to consider issues which have not been "presented to the district court in such a way that the court has an opportunity to rule on [it]." *Patterson v. Patterson*, 2011 UT 68, ¶ 12.

Utah's Post-Conviction Remedies Act states in relevant part:

> A person is not eligible for relief under this chapter upon any ground that:
> (a) may still be raised on direct appeal or by a post-trial motion;
> (b) was raised or addressed at trial or on appeal;
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief; or
> (e) is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2023).

Petitioner asserted only two issues to the Utah Supreme Court in his direct appeal: (1) "Whether the court of appeals erred in holding sufficient evidence supported [Petitioner]'s conviction beyond a reasonable doubt," and (2) "Whether the court of appeals erred in determining the district court did not abuse its discretion in sentencing [Petitioner] to prison instead of probation." (ECF no. 13-6, at 6.) Petitioner did not file a state petition for post-

4

conviction relief and would now be time-barred from filing such a claim. *See* Utah Code Ann. §78B-9-107(1) (2023). Therefore, Petitioner's claims which were not previously presented to the Utah Supreme Court (Grounds One and Four of the Amended Petition) are procedurally defaulted.

## 2. Exception to Procedural Default

Procedural default may be avoided if a petitioner can demonstrate either cause and prejudice or a fundamental miscarriage of justice. *Thomas*, 218 F.3d at 1221 ("This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'") (quoting *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (alteration in original)).

### a. Cause and prejudice

A petitioner may be able to overcome procedural default if he can establish "cause" to excuse the procedural default and demonstrate that he suffered "actual prejudice" from the alleged error. *Davila v. Davis*, 582 U.S. 521, 524 (2017). "[T]o satisfy the 'cause' standard, a petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Where the alleged cause and prejudice is ineffective assistance of counsel, the petitioner must satisfy both prongs of *Strickland*'s familiar two-pronged standard: (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms;" and, (2) prejudice to the defense caused by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to

5

succeed." *Davila v. Davis,* 582 U.S. 521, 533 (2017). A strategic decision to forgo a claim on appeal is only deficient performance if the claim was plainly stronger than those actually presented to the appellate court. *Id*. Meanwhile, to demonstrate prejudice, "[t]he habeas petitioner must show not merely that … errors … created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original) (alteration in original) (quoting *United States v. Frady*, 456 U.S. 152 (1982)). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694.

Petitioner argues that his counsel's decision to omit grounds Two and Three from his petition for certiorari to the Utah Supreme Court amounts to ineffective assistance of counsel. (ECF No. 8, at 9, 11.) However, Petitioner offers no analysis whatsoever to support his claim. Petitioner fails to show that his counsel's assistance was unreasonable in light of prevailing professional norms, nor that the omitted claims were stronger than those included in the petition, nor any likelihood of a different outcome if the issues had been presented in the petition for certiorari. Petitioner fails to meet either prong of the *Strickland* standard. Therefore, Petitioner's claim of ineffective assistance of counsel does not rescue him from procedural default.

### b. Miscarriage of justice

A petitioner may also overcome the procedural bar if he can show that his conviction resulted in a "fundamental miscarriage of justice." *See Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted). A fundamental miscarriage of justice may be proven by actual innocence where a petitioner can show that "in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To be

6

plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citing *Schlup,* at 324). The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition. *Id*. Because such evidence is so rare, "in virtually every case, the allegation of actual innocence has been summarily rejected. " *Id.* (citation omitted).

    Petitioner falls far short of establishing his actual innocence. Petitioner continues to maintain that he is innocent of arranging a drug sale because lacked the requisite *mens rea*. Petitioner continues to maintain, as he did at trial, that he lacked intent to commit the crime because he misunderstood the undercover officer's use of the word "black" as slang for heroin, and thought she was looking for a person named "Black." (ECF No. 13-3, at 1-2.) However, Petitioner does not offer any new evidence of his mental state which would prevent a reasonable juror from inferring that he intended to arrange a drug sale. Therefore, Petitioner fails to establish that he should escape procedural default to avoid a miscarriage of justice.

    Therefore, Grounds Two and Three, which were not presented in his petition for certiorari on direct appeal, are procedurally defaulted and cannot be considered here.

### B. Merits Analysis

### 1. Standard of Review

    The standard of review to be applied in federal habeas cases is found in § 2254, under which this habeas petition is filed, stating in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

> determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.S. § 2254(d) (2023). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C.S. § 2254(e)(1).

This "highly deferential standard," *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quotation marks and citation omitted); *see Littlejohn v. Trammell*, 704 F.3d 817, 824 (10th Cir. 2013), is "'difficult to meet,' because [the statute's] purpose is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems,' and not as a means of error correction." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011) (citation omitted)); *see also Rippey v. Utah*, 783 F. App'x 823, 825 (10th Cir. 2019) ("If this deferential 'standard is difficult to meet, that is because it was meant to be.'" (quoting *Harrington*, 562 U.S. at 102)). This Court is not to determine whether the Utah Court of Appeals's decisions were correct or whether this Court may have reached a different outcome. *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, at 99. And, "[t]he petitioner carries the burden of proof." *Cullen*, 563 U.S. at 181.

### a. Legal determinations

Under *Carey v. Musladin*, 549 U.S. 70 (2006), the first step is determining whether

clearly established federal law exists relevant to Petitioner's claims. *House v. Hatch*, 527 F.3d 1010, 1017-18 (10th Cir. 2008); *see also Littlejohn*, 704 F.3d at 825. Only after answering yes to that "threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law." *House*, 527 F.3d at 1018.

> [C]learly established [federal] law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*Id.* at 1016.

Further, "in ascertaining the contours of clearly established law, we must look to the '*holdings* as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Littlejohn*, 704 F.3d at 825 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (emphasis added) (citations omitted)); *see also Fairchild v. Trammel*, 784 F.3d 702, 710 (10th Cir. 2015) (stating "Supreme Court holdings 'must be construed narrowly and consist only of something akin to on-point holdings.'" (quoting *House*, 527 F.3d at 1015)). And, in deciding whether relevant clearly established federal law exists, this Court is not restricted by the state court's analysis. *See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("[F]ederal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted).

If that threshold is overcome, this Court may grant habeas relief only when the state court has "unreasonably applied the governing legal principle to the facts of the petitioner's case." *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S.

9

362, 412-13 (2000)). This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state-court decision erroneously applied clearly established federal law. *See id.* "'Rather that application must also be unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 411). Indeed, "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington*, 562 U.S. at 100 (emphasis in original) (quoting *Williams*, 529 U.S. at 410).

This highly demanding standard means to pose a sizable obstacle to habeas petitioners. *Id.* at 102. Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* It maintains power to issue the writ when no possibility exists that "fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents. It goes no further." *Id.* To prevail in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. It is against this backdrop that the Court now applies the standard of review here.

### b. Factual findings

Habeas relief may be justified "if the state court's adjudication of a claim on the merits 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012) (quoting 28 U.S.C. § 2254(d)(2) (2023)). State-court factual findings "are presumed correct unless the applicant rebuts that presumption by 'clear and convincing evidence.'" *Id.* (quoting 28 U.S.C. § 2254(e)(1) (2023)). Presumption of correctness applies to state trial-court and appellate-court findings. *See Al-Yousif v. Trani*, 779 F.3d 1173, 1181 (10th

Cir. 2015). The presumption of correctness applies to implicit factual findings also. *See Ellis v. Raemisch*, 872 F.3d 1064, 1071 n.2 (10th Cir. 2017). The best way to explain the clear-and-convincing-evidence standard is that "it requires a high degree of probability." 2 Edward J. Imwinkelried et al., *Courtroom Crim. Evidence* § 2916 (2020). It is a "demanding but not insatiable" because "'[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). But, the Court "will not conclude a state court's factual findings are unreasonable merely because [it] would have reached a different conclusion in the first instance." *Smith v. Duckworth*, 824 F.3d 1233, 1241 (10th Cir. 2016) (internal quotation marks omitted).

Reviewing a state court's decision, the Court must limit its "inquiry 'to the record that was before the state court that adjudicated the claim on the merits.'" *Cullen*, 563 U.S. at 181. This reflects that "[t]he federal habeas scheme leaves primary responsibility with the state courts." *Id*. at 182. And considering federal statutory "intent to channel prisoners' claims first to the state courts," it would not make sense "to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo." *Id*.

### 2. Insufficient Evidence

Petitioner fails to support his contention that he is entitled to federal habeas relief because the evidence at trial was inadequate to support a conviction. Petitioner seems to concede that the evidence was sufficient to support a determination of probable cause necessary for arrest but argues that it was inadequate to prove his intent beyond a reasonable doubt. (ECF No 8, at 6.) However, Petitioner offers no settled federal law in support of his argument that the evidence at trial was inadequate. At trial and on appeal, Petitioner argued that the evidence at trial was

inadequate to support a conviction under Utah precedent because the evidence "supports more than one possible conclusion, none more likely that the other." (ECF 13-3, at 2) (quoting *State v. Cristobal*, 2010 UT App 228, ¶ 16.) Specifically, Petitioner argued that the evidence was inadequate to prove his intent to arrange a drug transaction because there was no evidence that Petitioner understood the officer's use of the term "black" to mean heroin. Petitioner argued that it is equally likely that he only inadvertently facilitated the drug deal while he was helping the undercover officer locate a person named "Black." (ECF No. 13-3, at 2.) The Utah Court of Appeals disagreed. (ECF 13-3, at 4.) The federal Petition cites no law in support of the contention that either the trial court or the Utah Court of Appeals unreasonably applied governing legal standards to the facts of his case. Thus, Petitioner fails to address, much less surpass the legal standard for federal habeas review. Petitioner's claim that the evidence at trial was insufficient to support a conviction is therefore denied on the merits.

### 3. Excessive Sentencing

Petitioner fails to cite any clearly established federal law in support of his fourth ground for relief. Petitioner complains that his sentence of five years to life in prison is excessive because "all I did was give a person a 20 dollar bill for change… I didn't know about any drug deal at that time." (ECF No. 8, at 13.) The Utah Court of Appeals considered Petitioner's argument that his limited participation in the transaction warranted a downward departure from the sentencing guidelines. (ECF No. 13-3, at 4.) The appellate court noted that Petitioner "does not argue that his sentence exceeds statutory or constitutional limits or that the judge failed to consider all legally relevant factors" and found that the trial court had correctly applied the sentencing factors, including his prior criminal record and multiple probation violations (ECF No. 13-3, at 5-6.)

Nor does the Petition cite any settled federal law in support of his contention that his sentence was excessive. Thus, here too, Petitioner fails to address, much less surpass the legal standard for federal habeas review. Petitioner's claim that his sentence was excessive is denied on the merits.

## IV. CONCLUSION

Petitioner's claims are either procedurally defaulted or do not hurdle the federal habeas standard of review.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus is **DENIED** and the action **DISMISSED WITH PREJUDICE**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

Signed July 10, 2023.

BY THE COURT

David Nuffer
United States District Judge